IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KUZNYETSOV, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Civil Action No. 10-948<br>) |
| WEST PENN ALLEGHENY HEALTH SYSTEM, INC., THE WESTERN PENNSYLVANIA HEALTHCARE SYSTEM, INC., ALLE-KISKI MEDICAL CENTER, ALLEGHENY GENERAL HOSPITAL, ALLEGHENY GENERAL HOSPITAL - SUBURBAN CAMPUS, CANONSBURG GENERAL HOSPITAL, THE WESTERN PENNSYLVANIA HOSPITAL, CHRISTOPHER T. OLIVIA, and JOHN LASKY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

AMBROSE, Senior District Judge

## OPINION
## AND
## ORDER OF COURT

### Synopsis

Pending before the court is a Motion for Sanctions (ECF No. 18) filed by Defendants, West Penn Allegheny Health System, Inc., The West Penn Allegheny Health System, Inc., Alle-Kiski Medical Center, Allegheny General Hospital, Allegheny General Hospital – Suburban Campus, Canonsburg General Hospital, The Western Pennsylvania Hospital, Christopher T. Olivia and John Lasky. Plaintiffs filed a Brief in Opposition thereto and Defendants filed a Reply. (ECF Nos. 41 and 46). Thereafter, Defendants filed a Motion to Dismiss (ECF No. 47). Plaintiffs filed a Brief in Opposition and Defendants filed a Reply Brief. (ECF Nos. 54 and 57). After careful consideration of the same, Defendants' Motion for Sanctions (ECF No. 18) and Defendant's Motion to Dismiss (ECF No. 47) are denied as more fully set forth below.

## OPINION

I. **Background**

Plaintiffs originally filed a Complaint at civil action no. 9-379 on April 1, 2009 ("the '09 case"). (CA No. 9-379, ECF No. 1). Thereafter, Defendants filed a Motion to Dismiss. (CA No. 9-379, ECF No. 79). I granted in part and denied in part said motion. (CA No. 9-379, ECF No. 118). Of particular importance is that I specifically ordered that Plaintiffs file an amended complaint as to the RICO claim (the Fourth Count) since the complaint was "completely devoid of any date from which the statute of limitations could start to run." *Id.* at p. 12.

Plaintiffs filed an Amended Complaint on August 11, 2009. (ECF No. 125). Defendants again moved to dismiss, *inter alia*, Plaintiffs' RICO claim. (CA No. 9-379, ECF No. 156). In ruling upon the same, I again found that Plaintiffs failed to define when the injuries occurred. (CA No. 9-379, ECF No. 207, p. 6). Consequently, I dismissed Plaintiffs' RICO claim. *Id.* at p. 13.

Thereafter, Plaintiffs filed a Motion for Clarification and/or Reconsideration. (CA No. 9-379, ECF No. 208). I denied said motion again for failing to define when the injuries occurred. *Id.*

On July 16, 2010, Plaintiffs filed a new Complaint reasserting the RICO claim. (ECF No. 1). The Complaint in this case asserts essentially the same facts as the Amended Complaint in CA No. 9-379. The Complaint herein asserts, however, that "Plaintiffs and Class Members became aware of each injury no sooner than the date of each wage (sic) misleading wage payment." (ECF No. 1, ¶125). Defendants have filed a Motion for Sanctions and a Motion to Dismiss. The issues have been fully briefed and are ripe for review.

II. **Legal Argument**

A. **Legal Standard**

Defendants filed their Motion for Sanctions pursuant to Rule 11(b)(1), (2), and (3) of the Federal Rules of Civil Procedure. Rule 11 provides, *inter alia*, as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--

an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; ....

F.R.C.P. 11(b)(1), (2), and (3). Rule 11 authorizes imposition of sanctions where any pleading, motion or other paper was presented for an improper purpose, e.g., "to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Landon v. Hunt*, 938 F.2d 450, 452 (3d Cir. 1991). Rule 11 sanctions are based on " 'an objective standard of reasonableness under the circumstances.' " *Id.* at 453 n. 3 (*quoting Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988)); *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) ("The legal standard to be applied when evaluating conduct allegedly in violation of Rule 11 is reasonableness under the circumstances").

"Rule 11 is intended for only exceptional circumstances." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987). A "district court must exercise discretion and sound judgment in dealing with the myriad methods with which lawyers may abuse the judicial process." *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir. 1985).

Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6). When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (cites and footnote omitted); *see also, Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citations omitted).

In *Iqbal*, the Court specifically highlighted the two principles which formed the basis of the *Twombly* decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d. Cir. Aug. 18, 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id.*, citing, F.R.Civ.P. 8(a)(2).

### B. Discussion

With regard to the request for sanctions, Defendants urge that sanctions are warranted for three reasons: 1) Defendants assert that the allegations in this Complaint are virtually identical to those asserted in the '09 case and since I have ruled three times that the RICO claims in the '09 case are barred by the statute of limitations for failing to allege when their injuries occurred, I should dismiss them again and should issue sanctions for being brought for an improper purpose; 2) The allegations are contradicted by the sworn testimony of one of the named Plaintiffs; and 3) By filing a

new complaint Plaintiffs seek to improperly shift the burden from Plaintiffs to Defendants to show that the RICO claims should not be permitted to be asserted again. (ECF Nos. 19 and 48, pp. 1-2). In response, Plaintiffs acknowledge that "the Court was correct in pointing out that the dates that the plaintiffs had discovered their injuries were not identified in the complaint [of the '09 case]" and "[t]he Court was therefore correct that the Complaint did not sufficiently identify the discovery dates of plaintiffs' injuries." (ECF No. 41, p. 3 and p. 3, n. 3). Because the claim was not dismissed with prejudice, however, Plaintiffs argue that they were permitted to file the new '09 case. *Id.* To that end, Plaintiffs assert that they have "clearly alleged in the complaint that they discovered each injury no earlier than the date that they received each paycheck." *Id., citing* ECF No. 1 (Complaint), ¶125.

Paragraph 125 of the Complaint states:

Plaintiffs and Class Members became aware of each injury no sooner than the date of each wage (sic) misleading wage payment."

(ECF No. 1, p. 22, ¶125). I agree with Plaintiffs that this now takes Plaintiffs claims from the realm of possible to the realm of plausible. *Iqbal,* 129 S.Ct. at 1949-50. Thus, a dismissal based on the statute of limitations is not warranted *at this time*.[1]

Additionally, with regard to the Motion to Dismiss, I note that Defendants also assert that the repled allegations of fraud are implausible on their face because they are inconsistent with other allegations. (ECF No. 48, pp. 7-8). In particular, Defendants believe that the allegation that Plaintiffs became aware of each injury no sooner than the date of each misleading wage payment is inconsistent with the allegations that Plaintiffs were misled by paystub and payroll information. I disagree and, thus, do not find dismissal is warranted on this basis.

Finally, in three bullet points, Defendants assert, as they did in the '09 case that Plaintiffs' Complaint fails to allege a proper "enterprise" under §1962(c), that Plaintiffs' Complaint fails to allege a "pattern of racketeering activity" under §1962(c); and that Plaintiffs' Complaint fails to state

---

[1] Defendants' Motion for Sanctions based on the arguments that the case statement contains false and misleading information is denied as premature.

a §1962(a) claim. (ECF No. 48, pp. 9-10). Defendants list these arguments in summary fashion because they adopt the arguments previously asserted in the '09 case and incorporated them by reference. *Id.* at 9, n. 8. After careful consideration of the same and for the reasons set forth in the '09 case (CA No. 9-379, ECF No. 118, pp. 8-12), I find that dismissal is not warranted on these bases.

My conclusion, however, does not end the discussion. Plaintiffs' counsel's conduct has given me great pause. They do not give any reason for the failure to make the simple allegation set forth above at any time prior to this point, when in fact they were given multiple opportunities to do so in the '09 case and failed. It is not as though said allegation required any further research or investigations. It has been over a year and nine months since the first '09 Complaint was filed, a substantial delay to say the least.

Moreover, there is no good reason why this claim should not have been properly asserted in the '09 case. Therefore, I am consolidating the cases and scheduling a conference to determine what steps are necessary to ensure that the cases are at the same stage of litigation as quickly as possible.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW KUZNYETSOV, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>WEST PENN ALLEGHENY HEALTH SYSTEM, )<br>INC., THE WESTERN PENNSYLVANIA )<br>HEALTHCARE SYSTEM, INC., ALLE-KISKI )<br>MEDICAL CENTER, ALLEGHENY GENERAL )<br>HOSPITAL, ALLEGHENY GENERAL HOSPITAL - )<br>SUBURBAN CAMPUS, CANONSBURG GENERAL)<br>HOSPITAL, THE WESTERN PENNSYLVANIA )<br>HOSPITAL, CHRISTOPHER T. OLIVIA, and )<br>JOHN LASKY, )<br>)<br>Defendants. ) | Civil Action No. 10-948 |

## ORDER OF COURT

AND now, this 25th day of January, 2011, upon consideration of Defendants' Motion for Sanctions (ECF No. [18]) and Defendants' Motion to Dismiss (ECF No. [47]), it is ordered that said motions (ECF Nos. [18] and [47]) are denied.

Additionally, it is ordered that this case is consolidated with Civil Action No. 09-379. The cases will be consolidated with Civil Action No. 10-948. All future filings shall occur at Civil Action No. 10-948.

A status conference is set for February 9, 2011, at 1:30 p.m.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge