IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW KUZNYETSOV, *et al.*, )
)
    Plaintiffs, )
)
    vs. ) Civil Action No. 10-948
)
WEST PENN ALLEGHENY HEALTH SYSTEM, )
INC., et al., )
)
    Defendants. )

AMBROSE, Senior District Judge

## OPINION
## AND
## ORDER OF COURT

Plaintiffs filed a Motion to Review Taxation of Costs. (ECF No. 160). Plaintiffs are seeking judicial review of the Clerk of Court's taxation of costs against them in the amount of $60,890.97. *Id.* Defendants filed a response thereto. (ECF No. 163). After careful review of the submissions of the parties and as set forth more fully below, I am granting in part and denying in part Plaintiffs' Motion.

**I.    Background**

The named Plaintiffs, Andrew Kuznyetsov, Charles Boal and Marthann Heilman filed a collective action pursuant to §216(b) of the Fair Labor Standards Act ("FLSA") against Defendants. I conditionally certified the collective action and approximately 14,800 notices were sent to current and former employees. Over 1,000 Plaintiffs opted in. This figure was narrowed down to 824 opt-in Plaintiffs through motions and voluntary dismissals.

Discovery was contentious and the motions practice was excessive. As a result, a special master was appointed to rule on all discovery and related motions.

On December 20, 2011, I decertified the collective action holding that the 824 opt-in Plaintiffs were not similarly situated. Thereafter, Plaintiffs filed a Motion for Voluntary Dismissal. I granted the Motion dismissing the claims of the opt-in Plaintiffs without prejudice and dismissing the claims of the named Plaintiffs with prejudice. On March 29, 2012, Plaintiffs filed a Notice of Appeal and on September 4, 2013, the Third Circuit dismissed the appeal for lack of jurisdiction.

On October 15, 2013, Defendants filed a Bill of Costs seeking a total of $78,561.77. On October 31, 2013, the Clerk of Courts filed a Letter calling for objections to the Bill of Costs. On January 20, 2014, the named Plaintiffs filed Objections to the Bill of Costs and Defendants filed a response thereto. On August 1, 2014, the Clerk of Courts issued his Taxation of Costs in the amount of $60,890.97 in favor of Defendants and against the named Plaintiffs.

Pending before the Court is Plaintiffs' Motion to Review Taxation of Costs. (ECF No. 160). Defendants filed a response thereto. (ECF No. 163). The issues are now ripe for review.

## II. Standard of Review

The taxation of costs by a clerk of court is subject to *de novo* review by a district court. *Reger v. Nemours Found. Inc.,* 599 F.3d 285, 288 (3d Cir. 2010) (citing *In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 458 (3d Cir. 2000)).

Rule 54 of Federal Rule of Civil Procedure addresses the issue of costs and provides, in pertinent part, that "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a strong presumption that costs are to be awarded to the prevailing party.[1] *In re Paoli R.R. Yard PCB Litig.,* 221 F.3d at 462. The costs mentioned in Rule 54(d)(1) are defined in 28 U.S.C. § 1920 and include:

---

[1] Plaintiffs attempt to argue costs should not be assessed because it is contrary to the policy and purpose behind the FLSA and Rule 54(d). (ECF No. 161, pp. 14-22). In support of their position, Plaintiffs point to 29 U.S.C. §216(b) of the FLSA suggesting that the FLSA departs from, provides otherwise and overrides Rule 54(d)'s presumption of costs. I disagree. If Congress had intended to override Rule 54(d), then it

2

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. In making its determination, a district court may consider the following factors in reviewing the Clerk's award of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *In re Paoli,* 221 F.3d at 468. The determination of costs is a matter left to the sound discretion of the district court. *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 232, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964).

The burden rests with the non-prevailing party to show why costs should not be assessed against it. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *In re Paoli R.R. Yard PCB Litig.,* 221 F.3d at 468.

### III. Analysis

Plaintiffs first argue that the Clerk's taxation of costs must be vacated because: 1) Defendants are not the prevailing party, and 2) the costs awarded were for e-discovery costs that were not necessary and were awarded at unreasonably high rates. (ECF No. 161, pp. 3-7).

---

would be clear in the statute. Simply put, no provision of the FLSA precludes an award of costs to a prevailing defendant.
 Furthermore, I do not find that the awarding of costs is contrary to Rule 54(d)'s purpose to ensure access to courts. *See, Reger v. Nemours Found., Inc.,* 599 F.3d 285, 289 (3d Cir. 2010)("Appellants' arguments concerning a 'chilling effect' on litigation are unpersuasive.").

With regard to the prevailing party status, Plaintiffs argue that Defendants are the prevailing party only with respect to the three named Plaintiffs but not with respect to the opt-in Plaintiffs because the opt-in Plaintiffs' cases were voluntarily dismissed without prejudice. (ECF No. 161, pp. 6-7). Thus, Plaintiffs argue that to make the named Plaintiffs responsible for the costs associated with the opt-in Plaintiffs is improper because Defendants did not prevail on those claims. *Id.* I disagree. There is no doubt that Defendants were the prevailing party on the issue of decertification. (ECF No. 139). Whether the opt-in Plaintiffs agreed to voluntarily dismiss their claims does not affect the status of prevailing party on Defendants. Consequently, I find no merit to this argument.

With regard to unnecessary e-discovery costs and unreasonably high rates, Plaintiffs first argue that the costs associated with Optical Character Recognition ("OCR")[2] were unnecessary. (ECF No. 161, p. 5). As Defendants point out, however, Plaintiffs requested the information be produced in, *inter alia,* OCR format. (ECF No. 152, p. 51, ¶4). The "scanning and conversion of native files to the agreed-upon format for production of ESI constitutes 'making copies of materials' as pursuant to §1920(4). *Race Tires America, Inc. v. Hoosier Racing Tire Corp.,* 674 F.3d 158, 167 (3d Cir. 2012); *Frye v. Baptist Memorial Hosp., Inc.,* 507 F. App'x 506, 508 (6th Cir. 2012). Accordingly, I find the costs associated with OCR conversion are taxable.

Furthermore, I do not find the cost of 5 cents per page for TIFF[3] services to be unreasonably high, nor do I find 24 cents per page for scanning paper documents to be unreasonably high. (ECF No. 163-2). Consequently, I find not merit to this argument either.

Next, Plaintiffs argue that I should exercise my discretion to deny costs based on the following reasons: 1) Defendants have unclean hands; 2) Plaintiffs are unable to pay the costs;

---

[2] OCR is a means of translating "images of text, such as scanned documents, into actual text characters." *Frye v. Baptist Memorial Hosp., Inc.,* 507 F. App'x 506, 508 (6th Cir. 2012).
[3] TIFF stands for Tagged Image File Format, which is a "widely used and supported graphic file format[] for storing bit-mapped images, with many different compression formats and resolutions. *Race Tires,* 674 F.3d at 161, n. 2.

and 3) it would be inequitable to force the three named Plaintiffs to pay the entire costs of defending against the claims of the opt-in Plaintiffs. (ECF No. 161, pp. 7-14). I will address each argument in turn.

As I mentioned earlier, unclean hands and bad faith are factors that I may consider in determining whether to access costs. *In re Paoli,* 221 F.3d at 468. Plaintiffs suggest that Defendants acted in bad faith when they withheld contact information and responsive discovery for employees that were subject to the certification order and, thus, they come to this court seeking costs with unclean hands. (ECF No. 161, pp. 13-14). I do not find Defendants' conduct during the occasion in question, or at any time in this case, to be in bad faith or dilatory so as to warrant the denial of costs. Thus, I find no merit to this argument.

Another factor I may consider in determining whether to access costs is the ability of the non-prevailing party to pay the full measure of costs. *In re Paoli,* 221 F.3d at 468. The finding of indigency or inability to pay, however, does not require an automatic reduction of costs. *Id.* at 464. In this case, Plaintiffs aver they are all of "modest means." (ECF No. 161, p. 9). Based on the evidence supplied by Plaintiffs, however, I find that none of the named Plaintiffs is indigent.

Moreover, they are responsible for the taxed costs jointly. Combined, their annual income as of January 2014 is over $300,000.00. I do not find this figure to be so "modest" that costs should not be assessed. Presumably, counsel informed the named Plaintiffs of the risks of litigation, "including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful." *Reger*, 599 F.3d at 289 (such explanations are incumbent upon counsel). As a result, I assume that the named Plaintiffs considered and calculated the risks of pursing their claims prior to filing the lawsuit. Based on the same, I find that Plaintiffs have failed to persuade me that jointly they do not have the ability to pay the taxed costs.

Similarly, I find no merit to Plaintiffs' argument that it would be inequitable to force the three named Plaintiffs to pay the entire costs of defending against the claims of the opt-in Plaintiffs. If Plaintiffs are asking this Court to shift some of the costs to the opt-in Plaintiffs, they have failed to provide any evidence that counsel informed the opt-in Plaintiffs that they may be potentially liable for a portion of the costs. Thus, I decline to shift any costs to the opt-in Plaintiffs.

If Plaintiffs are asking this Court to vacate the costs assessed against them, I find that there is no basis for doing so. There are risks associated with litigation. Every litigant is presumed to have considered and weighed the risks, including the payment of costs if the litigant does not prevail. *See, Reger,* 599 F.3d 289 ("Indeed, the very possibility that a losing party will be required to reimburse the prevailing party for its costs should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims. After all, the Rules presume that the prevailing party is entitled to costs. It is incumbent on an attorney to explain the risks of litigation to his or her client—including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful."). Plaintiffs chose to bring their claims as a collective action. They were not required to do so. As the named parties, they assumed the associated risks. Thus, I find nothing inequitable in assessing the costs against the named Plaintiffs.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW KUZNYETSOV, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-948 |
| | ) | |
| WEST PENN ALLEGHENY HEALTH SYSTEM, INC., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

AND now, this 23rd day of October, 2014, after a *de novo* review, it is ordered that Plaintiffs' Motion to Review of Taxation of Costs (ECF No. 160) is granted to the extent Plaintiffs are seeking review of Taxation of Costs and is denied in all other respects.

It is further ordered that the costs taxed by the Clerk of Court on August 1, 2014, in the amount of $60,890.97 in favor of Defendants and against Plaintiffs is affirmed.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge